MEMORANDUM **
Cesar Anguiano-Reyes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) order denying his application for cancellation of removal. We dismiss the petition for review.
We lack jurisdiction to review the IJ’s discretionary determination that Anguiano-Reyes failed to demonstrate the requisite “exceptional and extremely unusual hardship” pursuant to 8 U.S.C. § 1229b(b)(1)(D). See Martinez-Rosas v. Gonzales, 424 F.3d 926, 929-30 (9th Cir. 2005).
Anguiano-Reyes’s claim that the BIA violated his due process rights by failing to address his motion to reopen is not colorable, because any deficiency in the BIA’s October 15, 2004 decision was cured by its December 13, 2004 decision, in which it ruled on Anguiano-Reyes’s motion to reopen. See Torres-Aguilar v. INS, 246 F.3d 1267, 1271 (9th Cir.2001) (“To be colorable ... the claim must have some possible validity”) (internal quotation marks and citation omitted); Ortiz v. INS, 179 F.3d 1148, 1153 (9th Cir.1999) (“Due process challenges to deportation proceedings require a showing of prejudice to succeed.”).
We lack jurisdiction to review the BIA’s December 13, 2004 order denying Anguiano-Reyes’s motion to reopen because he failed to timely petition this court for review of that decision. See Martinez-Serrano v. INS, 94 F.3d 1256, 1258 (9th Cir. 1996).
We do not consider the new arguments and evidence Anguiano-Reyes presents for *142 the first time in his reply brief. See United, States v. Wright, 215 F.3d 1020, 1030 n. 3 (9th Cir.2000).
PETITION FOR REVIEW DISMISSED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.